**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAVID LEE WEATHERSPOON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 7:21-cv-01439-ACA-HNJ |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM OPINION</u>**

*Pro se* Petitioner David Lee Weatherspoon filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. 1). The magistrate judge entered a report on July 26, 2022 recommending that the court deny Mr. Weatherspoon's petition and dismiss his claims with prejudice as not properly exhausted and procedurally defaulted. (Doc. 13). The magistrate judge further recommended that the court deny Mr. Weatherspoon's request for a stay (doc. 9 at 5) and motion for an order (doc. 10). (*Id.*).

Mr. Weatherspoon filed objections to the magistrate judge's report. (Doc. 16). The case is currently before the court for a review of those objections.

In his objections, Mr. Weatherspoon makes one argument: that Alabama Rule of Civil Procedure 60(b)(4) provides an available state court remedy and, therefore,

the court must dismiss his claims without prejudice so that he may exhaust that remedy. (Doc. 16 at 5). Mr. Weatherspoon's argument is not persuasive.

Alabama Rule of Civil Procedure 60(b)(4) allows civil litigants to seek relief from a final judgment where "the judgment is void." Ala. R. Civ. P. 60(b)(4). But this rule does not provide a remedy for Mr. Weatherspoon to challenge his criminal conviction or sentence. *See* Ala. R. Crim. P. 32.4 ("A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule. Proceedings under this rule shall be governed by the Rules of Criminal Procedure, except that the trial court in its sole discretion may allow the taking of depositions for discovery or for use at trial."); *Davis v. State*, 86 So. 3d 405, 410 n. 2 (Ala. Crim. App. 2011) ("Though civil in nature, postconviction petitions are not governed by the Alabama Rules of Civil Procedure.") (citing Ala. R. Crim. P. 32.4). Therefore, the magistrate judge correctly found Mr. Weatherspoon's claims as not properly exhausted and procedurally defaulted pursuant to Rule 32.2(a)(4), (b), (c), & (d) of the Alabama Rules of Criminal Procedure. (*See* Doc. 13 at 13-14, 17).

After careful consideration of the record in this case and the magistrate judge's report, the court **OVERRULES** Mr. Weatherspoon's objection, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation. Consistent with that

recommendation, the court **WILL DENY** Mr. Washington's petition for writ of habeas corpus and **WILL DISMISS** his claims with prejudice.

Because the court will deny Mr. Weatherspoon's petition and dismiss the case with prejudice, the court **WILL DENY** Mr. Weatherspoon's request to stay (doc. 9 at 5) and motion for an order (doc. 10).

The court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 29, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE